O’Toole, J.
The plaintiff has brought this action in two counts, alleging breach of an insurance contract and unfair business practices by the defendant. The case comes before the Court upon the plaintiffs motion for summary judgment on the contract claim (Count I) and the defendant’s cross-motion for summary judgment on both counts. After hearing, the defendant’s motion is allowed.
The plaintiffs claim is that the defendant improperly refused to undertake the defense of the plaintiff in a suit against him as it was bound to do, he says, under the applicable policy. It is a familiar principle that the scope of an insurer’s contractual duty to defend its insured is measured by comparing the complaint against the insured with the policy provisions to see whether the allegations of the complaint “state or adumbrate a claim covered by the policy terms.” Continental Casualty Co. v. Gilbane Building Co., 391 Mass. 143, 146 (1984), quoting from Sterilite Corp. v. Construction Casualty Co., 17 Mass.App.Ct. 316, 318 (1983). Here, the central dispute is whether the complaint in the prior action “state(d) or adumbrate(d)” a claim for “personal injury,” which under the policy included a claim “for wrongful entry or eviction, or other invasion of the right of private occupancy.” If so, the claim was within the scope of the policy, and the defendant had a duty to defend the plaintiff in that action. If not, the defendant justifiably declined to defend.
The complaint in the prior action, brought by Hancock Paint & Varnish Co., Inc. (“Hancock Paint”), alleged that the plaintiff here, Ricupero, participated with others to commit various tortious acts according to a scheme designed to deprive Hancock Paint of an advantageous location for its business so they could establish a competing business at that location, 21 Massachusetts Avenue, Boston. Ricupero was Hancock Paint’s landlord at 21 Massachusetts Avenue *79 under a five-year lease. The complaint alleged, in substance, that its lease was about to expire and that Ricupero and others conspired to demand a rent from Hancock Paint for a new lease that was so high that Hancock Paint would not be able to agree to it and would consequently give up the location, it being the purpose of the defendants to establish their own paint supply store in Hancock Paint’s place. In the language of the complaint, the defendants intended “to secure for themselves the benefits of this successful business and embarked upon a plan to trick and coerce Hancock Paint into vacating the premises at the expiration of the lease term in order to open an identical and competing business in that location.” See complaint, Hancock Paint & Varnish Co., Inc. v. Ricupero et al, Plymouth Superior Court Civil Action No. 87-1549, ¶13. The injury portrayed in the complaint was summarized in each count in substantially the same language: “As a direct and proximate result of the acts of the defendants, the plaintiff, Hancock Paint, has lost significant sales volume, and has suffered injury to its business reputation and good will.” Id., ¶41. The complaint contained four counts against Ricupero, alleging that he had interfered with advantageous business relations (Count III), engaged in a civil conspiracy with other defendants to “coerce Hancock Paint into vacating the Premises at 21 Massachusetts Avenue, Boston” (another Count III), made a “fraudulent misrepresentation” that the rent for a “renewed” lease would be not less that $5,500 per month (Count IV), and committed unfair and deceptive acts and practices (Count VI).
The gist of the complaint was that Hancock had been damaged in its business by unfair acts which included, on Ricupero’s part, an insistence on an unfair and inflated rent for a new lease with Hancock Paint, with the purpose of inducing Hancock Paint to move from the location. Hancock Paint did not allege any breach or interruption of a right to occupancy under an ongoing lease, but rather a refusal to deal fairly in entering into a new lease. Its claim was that the defendants had tortiously refused to deal fairly, not that they had interrupted an existing right to possession. The complaint sought damages under a variety of theories and sought an injunction forbidding the defendants from unfairly competing, but it did not ask that Hancock Paint be restored to possession. This is a business tort being complained of, not a wrongful eviction or interference with a right of occupancy. See Lazzara Oil Co. v. Columbia Casualty Co., 683 F.Supp. 777, 780 (M.D.Fla. 1988), where a landlord’s threat to terminate a lease as part of a scheme to fix prices and commit other unfair trade practices was held not to suggest a claim for wrongful eviction so as to require the insurer to defend under that coverage.
The claim in the prior case did not match the coverage afforded by the policy, and the defendant here did not breach the contract by refusing to defend. Since its refusal was legitimate, it did not constitute an unfair practice. Accordingly, the defendant is entitled to judgment in its favor under both counts of the complaint.